UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DAVID E. SIPFLE and GINA M. SIPFLE,**

        **Plaintiffs,**

v.                                                                          5:04-CV-565 (NAM/GHL)

**CORTLAND COUNTRY CLUB, INC.,**
**and BRENDA CHAFEE, Individually**
**and in her Official Capacity as Office**
**Manager of Cortland Country Club,**

        **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Office of Ronald R. Benjamin<br>P.O. Box 607<br>126 Riverside Drive<br>Binghamton, NY 13902-0607<br>For Plaintiffs | Ronald R. Benjamin, Esq. |
| Miranda & Sokoloff, L.L.P.<br>240 Mineola Boulevard<br>Mineola, NY 11501 | Adam I. Kleinberg, Esq. |

Hon. Norman A. Mordue, D.J.:

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Defendants Cortland Country Club and Brenda Chafee move pursuant to Rule 8 and Rule 12(b)(1) of the Federal Rules of Civil Procedure for dismissal of the Second Amended Complaint. Plaintiffs David E. Sipfle and Gina M. Sipfle oppose defendants' motion and cross-move for leave to amend the complaint, or, in the alternative, for an order remanding this action to a state court.

## BACKGROUND

According to the Second Amended Complaint, defendant Cortland Country Club employed plaintiff David Sipfle from 1983 until 2002. In 1985, defendant Brenda Chafee, the office manager at Cortland Country Club, subjected plaintiff to continuous unwanted sexual advances, and made plaintiff review pornographic material. Plaintiff alleges that Chafee engaged in this conduct continuously from 1985 through June, 2002. Plaintiff claims that he made repeated complaints regarding Chafee to supervisory officials at Cortland Country Club, but no action was taken. In or about June 2002, plaintiff made a written complaint to "Gerald Goggi" regarding the sexual harassment, and advised that he did not want to file a complaint with the "Division of Human Rights" and that "all he wanted was to perform his job in a professional environment." Plaintiff claims that allowed this hostile work environment to continue and then retaliated against him by terminating his employment on July 12, 2002.

The Second Amended Complaint advances four causes of action, and alleges that the Court has "federal question jurisdiction pursuant to 28 U.S.C. § 1331 as a civil action arising under the United States Constitution and laws, and supplement [sic] jurisdiction under 28 U.S.C. § 1367." The first cause of action is comprised of a recitation of the facts, allegations of a hostile work environment and retaliation, and an assertion that plaintiff is entitled to "exemplary damages". The second, third, and fourth causes of action allege violations of state law, including a loss of consortium claim.

## DISCUSSION

Defendants assert they are entitled to dismissal pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, because the Second Amended Complaint fails to identify a federal

2

statute which defendants allegedly violated.  Defendants further assert that the Second Amended Complaint does not allege defendants are state actors, and therefore, argue that plaintiffs' constitutional claim cannot stand.  Defendants also seek dismissal pursuant to Rule 8.

In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[,]" *Atlantic Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), though "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Id*. (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction may include evidence outside the pleadings, e.g., affidavit(s) or otherwise competent evidence, and cannot be converted to a Rule 56 motion for summary judgment.  *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)).

In this case, having reviewed the Second Amended Complaint, the Court finds that it

3

fails to allege federal question jurisdiction. Plaintiffs have not identified the federal statute or a provision of the Constitution that they believe defendants violated. To the extent plaintiffs intend to advance a claim of employment discrimination pursuant to Title VII, codified at 42 U.S.C. § 2000e *et seq.*, they have not so specified. Indeed, in their opposition and cross-motion papers, plaintiffs do not identify definitively the federal statute(s) under which they believe they are entitled to relief. *See* Dkt. no.31, Attorney Affirmation ¶ 2 ("the plaintiff has clearly set forth in his complaint sufficient facts and allegations to establish the violation of federal statutes, including but not limited to 42 U.S.C. § 2000e."). Further, the Second Amended Complaint does not give defendants fair notice of the claim asserted so as to enable them to prepare an adequate defense to this action. Defendants cannot, for instance, raise a statute of limitations defense unless they know the statute under which plaintiffs bring their case. Thus, pursuant to Rules 12(b)(1) and 8, defendants' motion to dismiss the Second Amended Complaint is granted. Accordingly, the Court need not reach defendants remaining arguments.

In view of the technical nature of the Second Amended Complaint's deficiency, to wit, the absence of a federal statute pursuant to which plaintiffs intend to bring this action, and Rule 15(a)'s command to grant leave to amend a complaint freely, the Court grants defendants' motion to dismiss the Second Amended Complaint without prejudice to repleading in compliance with Rule 8 of the Federal Rules of Civil Procedure within twenty (20) calendar days of the date of this Memorandum-Decision and Order. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[s]uch amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds."). Accordingly, plaintiffs' cross-motion to amend the

complaint is denied as moot.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss the Second Amended Complaint is **granted**; and it is further

**ORDERED** that the Second Amended Complaint is **dismissed without prejudice to repleading** in compliance with Rule 8 of the Federal Rules of Civil Procedure **within twenty (20) calendar days of the date of this Memorandum-Decision and Order**; and it is further

**ORDERED** that plaintiffs' cross-motion to amend the complaint is **denied as moot**.

**IT IS SO ORDERED.**

DATE:  November 4, 2005

Norman A. Mordue
U.S. District Judge