**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID E. SIPFLE and GINA M. SIPFLE,**

               **Plaintiffs,**            5:04-CV-565 (NAM/GHL)

**v.**

**CORTLAND COUNTRY CLUB, INC.,**
**and BRENDA CHAFEE, Individually**
**and in her Official Capacity as Office**
**Manager of Cortland Country Club,**

               **Defendants.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

Office of Ronald R. Benjamin                    Ronald R. Benjamin, Esq.
P.O. Box 607
126 Riverside Drive
Binghamton, NY 13902-0607
*For Plaintiffs*

Miranda & Sokoloff, L.L.P.                       Adam I. Kleinberg, Esq.
240 Mineola Boulevard
Mineola, NY 11501
*For Defendants*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Presently before the Court is a motion by defendants Cortland Country Club, Inc., and Brenda Chafee to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) it is barred by the statute of limitations; and (2) Cortland Country Club is exempt from Title VII. Defendant Brenda Chafee moves for dismissal of all claims against her on the basis that there is no individual liability under Title VII. Plaintiffs oppose defendants' motion.

## BACKGROUND

In a Memorandum-Decision and Order dated November 4, 2005, the Court granted defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 8, and directed plaintiffs, who sought to file an amended complaint, to replead in compliance with Rule 8 within twenty (20) days. Dkt. no. 36. On December 13, 2005, the Court, no amended complaint having been filed, entered judgment and closed the case. Dkt. no. 39. On January 9, 2006, plaintiffs filed a motion for reconsideration pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure asserting that their neglect of the Court's previous Memorandum-Decision and Order directing the filing of an amended complaint was excusable. In an Order entered April 5, 2006, Dkt. no. 44, the Court granted plaintiffs' motion and accepted, as timely, their amended complaint.

## DISCUSSION

When considering a motion to dismiss a complaint under Rule 12(b)(6), a court "'must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.'" *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court may not dismiss an action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46. "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). It is well settled that the Court may not look to evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ("In

considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). Accordingly, the Court has confined its review to the complaint.

## Statute of Limitations

Defendants seek dismissal of the amended complaint on the basis that the "relation back" doctrine is inapplicable to this matter, and plaintiffs' Title VII claims are therefore barred by the statute of limitations. An amended pleading "relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). "The pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the new alleged claims." *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir. 1998). "Provided the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original." *White v. White Rose Food*, 128 F.3d 110, 116 (2d Cir. 1997).

In this case, as discussed, the Court previously found plaintiffs failed to specify the federal law under which they intended to proceed, and therefore failed to apprise defendants of information vital to their ability to raise a defense, *inter alia*, on statute of limitations grounds, in violation of Rule 8. The Court also directed plaintiffs to cure the "technical" deficiency by filing an amended complaint within twenty days. In the third amended complaint, plaintiffs assert the same operative facts alleging unlawful employment discrimination that they have alleged in every pleading they filed in this matter. Indeed, the original complaint *specifically cited Title VII*, *see*

3

Dkt. no. 1.; *see also* Exhibit to Amended Complaint, Dkt. no. 15., and Dkt. Nos. 12, 22, and 45. Thus, because the third amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[s]", Rule 15(c)(2), and simply raises a "new" legal theory, Rule 15(c)(2), it relates back to the filing of the original complaint.

It is well settled that a "Title VII claim is time-barred if the plaintiff, after filing a charge with an appropriate state or local agency, does not file a charge with the EEOC within 300 days after 'the alleged unlawful employment practice." *Elmenayer v. ABF Freight System, Inc*., 318 F.3d 130, 133 (2d Cir. 2003) (quoting 42 U.S.C. 2000e-5(e)(1) (2000)); *see National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("*Morgan*"). Moreover, a Title VII claimant must file his complaint not more than 90 days after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994) (citing 42 U.S.C. § 2000e-5(f)(1)).

Since defendants assume in their motion papers that a three year statute of limitations applies in this case they have not addressed whether plaintiffs' claims are timely under Title VII.[1] Defendants may, of course, renew their arguments at the summary judgment stage. Accordingly, for the foregoing reasons, defendants' motion to dismiss plaintiffs' Title VII claims as barred by the statute of limitations is denied.

### Country Club - Exempt From Title VII

Defendants contend that Cortland Country Club is exempt from Title VII because it is a bona fide private membership club. *See* 42 U.S.C. § 2000e(b)(2). Defendants assert that because

---

[1] In this case, the record indicates plaintiffs filed a charge of discrimination with the New York State Division of Human Rights on July 29, 2002, and that the EEOC issued a right-to-sue letter on February 27, 2004. Dkt. No. 15. Plaintiffs filed the original complaint on May 20, 2004. Dkt. No. 1.

4

Cortland Country Club cannot be sued under Title VII, the Court lacks jurisdiction over this matter. As an initial matter, whether defendant Cortland Country Club falls within Title VII exemption of bonafide private membership clubs is an element of plaintiffs' claim for relief and not a jurisdictional element. *Cf. Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235 (2006) (holding "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."). Although defendants have submitted evidence in support of their claim, the Court declines to convert this motion into one for summary judgment where, as here, the parties have not commenced discovery. Accordingly, defendants' motion to dismiss is denied.

### Brenda Chafee

Defendants move to dismiss plaintiffs' Title VII claims against Chafee on the basis that there is no individual liability under Title VII. Title VII does not impose personal liability on individuals. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); *Sowemimo v. D.A.O.R. Sec., Inc.*, 43 F.Supp. 2d 477, 486 (S.D.N.Y. 1999) (dismissing Title VII claims against individual defendant holding that "[t]his circuit has made clear that individuals may not be held personally liable under Title VII."). Accordingly, defendants' motion is granted.

### CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss plaintiffs' Title VII claims against Brenda Chafee is granted; and it is further

ORDERED that defendants' motion to dismiss is otherwise denied in its entirety; and it is further

ORDERED that all discovery in this matter is to be completed on or before April 30, 2007; Dispositive Motions to be filed by May 31, 2007; and the Trial Ready Deadline is set for June 30, 2007.

IT IS SO ORDERED.

DATE: November 1, 2006

_____
Norman A. Mordue
Chief United States District Court Judge